UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CHRISTOPHER MICKEY, CDCR #AD-2970,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>SERGEANT WILLIAMS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:24-cv-01751-RBM-LR<br><br>**ORDER GRANTING MOTION REQUESTING EXTENSION OF TIME TO AMEND**<br><br>**[Doc. 5]** |

　　　　Plaintiff Ryan Christopher Mickey, a state prisoner, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff is not proceeding in forma pauperis, but instead paid the full filing fee required by 28 U.S.C. § 1914(a). (Doc. 2.)

　　　　On July 29, 2025, the Court conducted its initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), and dismissed it *sua sponte* for failure to state a claim upon which relief may be granted. (Doc. 4.) The Court explained Plaintiff's pleading deficiencies, and granted him leave to cure them by September 12, 2025. (*Id.* at 8–9.) On September 15, 2025, however, Plaintiff filed a motion requesting a 60-day extension of time in which to file his amended complaint. (Doc. 5.) Plaintiff claims he has limited access to the prison law library, and must rely on a paging system and others to assist him. (*Id.* at 1.)

The Court finds Plaintiff's motion timely because he declares to have deposited it in the prison mailbox on September 2, 2025. (*Id.* at 3.) *See Houston v. Lack,* 487 U.S. 266, 270–72 (1988) (deeming notice of appeal to be "filed" when prisoner delivers it to prison authorities for forwarding to the district court); *Douglas v. Noelle,* 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners.").

The Court further finds good cause to grant Plaintiff's request. Federal Rule of Civil Procedure 6(b)(1) provides, "[w]hen an act may or must be done within a specified time, the [C]ourt may, for good cause, extend the time" in which to comply. Fed. R. Civ. P. 6(b)(1). "'[S]trict time limits … ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (quoting *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)).

Accordingly, the Court **GRANTS** Plaintiff's request. Plaintiff's amended complaint must comply fully with the Court's July 29, 2025 Order, and must be filed with the Clerk of the Court on or before **November 17, 2025**. Should Plaintiff fail to timely amend, the Court will enter a final Order dismissing this civil action both for failure to state a claim upon which § 1983 can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and for failure to prosecute in compliance with the Court's orders. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  October 9, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE