

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RYAN CHRISTOPHER MICKEY,
CDCR #AD-2970,

                                    Plaintiff,

                        vs.

SERGEANT WILLIAMS,
CORRECTIONAL OFFICER
CORONA, CORRECTIONAL
OFFICER VELASQUEZ,

                                    Defendants.

Case No.:  3:24-cv-01751-RBM-LR

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Ryan Christopher Mickey, a state prisoner proceeding *pro se*, initiated this civil rights action by filing a Complaint pursuant to 42 U.S.C. § 1983 accompanied by the civil filing fee. (Docs. 1–2.) On July 29, 2025, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A, which requires screening of all complaints by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. (Doc. 3.) The Court dismissed the Complaint for failing to state a claim upon which relief may be granted, notified Plaintiff of the deficiencies of his pleading, and granted leave to amend. (*Id*. at 4–8.) Following an extension of time, Plaintiff has now filed a First Amended Complaint ("FAC"). (Doc. 7.)

1

## I.   SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A.   Standard of Review

The Court must conduct an initial review of the FAC under 28 U.S.C. § 1915A, which "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'" *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). There must be more than "labels and conclusions" or "a formalistic recitation of the elements of a cause of action," to plausibly state a claim, because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but it has not 'show(n)'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

**B.     Allegations in the Complaint**

Plaintiff identifies three "incidents" which occurred while he was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, involving the three Defendants named in this action, RJD Correctional Officers Williams, Corona and Velasquez. (Doc. 7 at 1–2.) As to the first incident, he alleges that on July 22, 2024:

> While walking on the track, Plaintiff picked up a necklace and placed it on his hat intending to turn it in. Sergeant Williams, without reasonable suspicion and in violation of institutional protocol, searched Plaintiff alone and issued a contraband write-up. Plaintiff did not plead guilty but acknowledged the factual description. The write-up was used to support disciplinary action which adversely affected Plaintiff's parole eligibility.

(*Id*. at 2.) As to the second incident, Plaintiff alleges that on August 8, 2024:

> After requesting a cellmate change due to incompatibility, Officer Corona expressed anger and stated he would "make sure (Plaintiff) never go(es) home." Corona and Velasquez were overheard conspiring to issue a false disciplinary report. This resulted in a write-up that was not supported by the evidence and was retaliatory in nature.

(*Id*.) With respect to the third incident, Plaintiff alleges that on September 1, 2024:

> Plaintiff was summoned to review surveillance footage. Sergeant Williams threatened to forcibly remove Plaintiff's medical earrings, stating "I'll pin you down and cut them out myself." Plaintiff moved into camera view and asked if Williams intended to assault him. Williams retreated, stating "I'm only having a conversation."

(*Id*.)

Plaintiff claims the Defendants: (1) violated his Fourteenth Amendment due process rights by subjecting him to disciplinary proceedings based on false reports without providing him an opportunity to present evidence and call witnesses, resulting in sanctions affecting his parole eligibility amounting to an atypical and significant hardship, (2) subjected him to cruel and unusual punishment in violation of the Eighth Amendment by making a credible and specific threat in a coercive context to physically assault him by forcibly removing his earrings in deliberate indifference to his health and safety,

3

(3) violated his right to equal protection because Defendants, who are Black, took actions against Plaintiff, who is White, including selective enforcement, targeted searches and threats, motivated by racial animus as evidenced by the absence of similar treatment toward Black inmates in comparable circumstances, and (4) retaliated against him in violation of the First Amendment by issuing false disciplinary reports and making threats in retaliation for protected conduct, including filing grievances.  (*Id.* at 2–3.)

### 1.    Due Process

Plaintiff alleges his right to due process was denied by the filing of false disciplinary charges and denial of his right to present evidence and call witnesses at his disciplinary hearing.  (Doc. 7 at 2.)  The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  A prisoner is entitled to due process protections during disciplinary proceedings where protected liberty interests are at stake.  *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003).  To show a disciplinary proceeding implicates a liberty interest protected by the Due Process Clause, a prisoner must show that his sentence was exceeded in "an unexpected manner" or resulted in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  If no such liberty interest is implicated, a prisoner is granted minimum due process protection, which requires only that the outcome be "supported by some evidence in the record."  *Superintendent v. Hill*, 472 U.S. 445, 454–55 (1985).  If a protected liberty interest arises, due process requires: written notice of the charges and evidence relied on with reasons for the action taken; an opportunity "to call witnesses and present documentary evidence in his defense when" doing so "will not be unduly hazardous to institutional safety or correctional goals;" assistance at the hearing if necessary; and an impartial factfinder.  *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974).

Plaintiff alleges in the FAC that he "was subjected to disciplinary proceedings based on false reports without being afforded the procedural protections required under *Wolff v. McDonnell*, including the opportunity to present evidence and call witnesses . . . resulting

in sanctions affected his parole eligibility, constituting an atypical and significant hardship." (Doc. 7 at 2.) These allegations do not state a due process claim for the same reason given in the Court's prior dismissal order (*see* Doc. 4 at 6), because "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports." *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997); *see also e.g. Gadsden v. Gehris*, No. 20cv0470-WQH (DEB), 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegations of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves.") In addition, the allegation that Plaintiff was denied due process during his disciplinary proceedings because he was denied *Wolff* procedural protections, including the right to present evidence and call witnesses, is entirely conclusory. (*See* Doc. 7 at 2.) Plaintiff was previously informed that such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under 42 U.S.C. § 1983. (*See* Doc. 4 at 2, 6 (quoting *Iqbal*, 556 U.S. at 678).) The Court will provide Plaintiff one final opportunity to amend to cure the pleading deficiencies of this claim if he can. If Plaintiff wishes to proceed with this claim, he must set forth specific factual allegations regarding the nature of the disciplinary proceedings sufficient to plausibly allege they gave rise to a protected liberty interest and identify the evidence and witnesses he was prevented from calling or introducing. *See Sandin*, 515 U.S. at 484; *Wolff*, 418 U.S. at 564–71.

Accordingly, Plaintiff's Fourteenth Amendment due process claim is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim. *See Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 679.

### 2. Eighth Amendment

Plaintiff alleges he was subjected him to cruel and unusual punishment in violation of the Eighth Amendment because Defendant Williams made a credible and specific threat in a coercive context to physically assault him by forcibly removing his earrings in deliberate indifference to his health and safety. (Doc. 7 at 2–3.) The Cruel and Unusual

5

Punishments Clause of the Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). An Eighth Amendment violation includes an objective prong, which requires the deprivation to be "objectively, sufficiently serious," and a subjective prong, which requires allegations that the prison official had a "state of mind [] of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see id*. at 837 (holding that a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")

Plaintiff's allegations that he was threatened fail to state a claim for the same reasons provided in the Court's prior dismissal order. As the Court explained:

> Plaintiff's allegations that he was threatened and harassed fail to state a claim because the mere making of threats or harassing comments do not give rise to a civil rights claim under § 1983. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under § 1983); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong."); *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) ("the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons" of which "we do not approve," but which do not violate the Eighth Amendment).

(Doc. 4 at 4–5.) Plaintiff has not cured that defect of pleading an Eighth Amendment claim in the FAC, as he once again merely alleges he was threatened with physical harm but not that the threat was carried out. Although it appears Plaintiff is unable to cure the defect of pleading of his Eighth Amendment claim, the Court will provide Plaintiff one final opportunity to amend his pleading to attempt to do so if he can.

Plaintiff's Eighth Amendment claim is dismissed *sua sponte* under 28 U.S.C. § 1915A for failure to state a claim. *See Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 679. ///

3:24-cv-01751-RBM-LR

### 3.   Equal Protection

Plaintiff alleges his equal protection rights were violated because the Defendants, who are Black, took actions against Plaintiff, who is White, including selective enforcement, targeted searches and threats, motivated by racial animus as evidenced by the absence of similar treatment toward Black inmates in comparable circumstances. (Doc. 7 at 3.) Plaintiff was instructed in the prior dismissal order that to bring an equal protection claim he must set forth facts which plausibly allege intentional discrimination based on membership in a protected class. (Doc. 4 at 6–7 (citing *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013), *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.") and *Taylor v. Delatoore,* 281 F.3d 844, 849 (9th Cir. 2002) (prisoners are not a protected class for purposes of stating an equal protection claim)).) The FAC alleges in a conclusory manner that Defendants, who are a different race that Plaintiff, were motivated by racial animus in selective enforcement, targeted searches and threats, "as evidenced by the absence of similar treatment toward Black inmates in comparable circumstances." (Doc. 7 at 3.) These conclusory allegations, "unsupported by any facts as to how race entered into any decisions," such as what circumstances or events Plaintiff refers to, are insufficient to give rise to a plausible § 1983 claim. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") The Court will provide Plaintiff one final opportunity to amend his pleading by presenting specific facts supporting his claim of intentional discrimination.

Plaintiff's equal protection claim is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim. *See Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 679.

### 4.   Retaliation

Finally, Plaintiff alleges that Defendants issued "false disciplinary reports and [made] threats in retaliation for protected conduct, including filing grievances," and that

7

Defendant Corona threatened him in response to a request for a cellmate change, which "chilled Plaintiff's exercise of his First Amendment rights and lacked any legitimate correctional goal." (Doc. 7 at 2.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005) (footnote omitted). "[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009); *see also Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012) (false disciplinary charges may constitute adverse action). However, Plaintiff must also allege retaliatory intent, i.e. a causal connection between the adverse action and his protected conduct. *Watison,* 668 F.3d at 1114.

In the Court's prior dismissal order, Plaintiff was informed that even if he could plausibly allege an adverse action was taken against him, he had not plausibly alleged any Defendant took an adverse action against him *because of* any protected conduct. (Doc. 4 at 7–8 (citing *Rhodes*, 408 F.3d at 567–68 and *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (plaintiff must show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act)).) The FAC once again contains no factual allegations that any Defendant took any adverse action against Plaintiff because of his protected activity or that his protected activity was a substantial or motivating factor in any decision by any Defendant. *See also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient.") Rather, he merely alleges that Defendants issued "false disciplinary reports and [made] threats in retaliation for protected conduct, including filing grievances," and that "after requesting a cellmate change due to incompatibility, Officer Corona expressed anger and stated he would 'make sure (Plaintiff) never go(es)

home.' Corona and Velasquez were overheard conspiring to issue a false disciplinary report. This resulted in a write-up that was not supported by the evidence and was retaliatory in nature." (Doc. 7 at 2.) Even assuming Corona's threat was made contemporaneously with Plaintiff's request for a cellmate change, although the timing of a defendant's actions may "be considered as circumstantial evidence of retaliatory intent," timing alone is generally not enough to support an inference of retaliatory intent. *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that, in the absence of factual allegations to the contrary, it would be "sheer speculation" to assume that prison officials retaliated on the basis of an inmate's First Amendment activity); *see also Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" falls short of meeting the plausibility standard). Rather, courts must consider retaliation claims both "in the light of the timing and the surrounding circumstances." *Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003). Plaintiff's failure to provide specific factual allegations regarding the circumstances and timing of the alleged retaliatory threats fails to state a retaliation claim. *Id.*, *see also Oltarzewski*, 830 F.2d at 139 ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") If Plaintiff wishes to proceed with his retaliation claim, he must set forth specific factual allegations plausibly showing that a Defendant took an adverse action against him and that his protected activity was a substantial or motivating factor in the Defendant's decision to act.

Plaintiff's retaliation claim is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim. *See Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 679.

## C.    Leave to Amend

In light of his pro se status, the Court grants Plaintiff one final opportunity to amend to attempt to cure the pleading deficiencies identified in this order and the Court's prior dismissal order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

9

## II.   CONCLUSION AND ORDER

Good cause appearing, the Court **DISMISSES** Plaintiff's FAC pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted and **GRANTS** Plaintiff leave to file a Second Amended Complaint ("SAC") which cures the deficiencies of pleading noted in this Order.  Plaintiff's SAC must be filed by **May 18, 2026**.  The SAC must be complete by itself without reference to any prior version of his pleading, and any defendants not named and any claims not re-alleged will be considered waived.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  April 2, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:24-cv-01751-RBM-LR